NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2070
_____

CARLO E. CEROME,

Appellant

v.

MOSHANNON VALLEY CORRECTIONAL CENTER/
CORNELL COMPANIES, INC.; W. JONES, Captain;
OFFICER MANN, Correctional Officer (C.O.);
MR. M. MILLWARD, Warden; C. ROHRBACKER, C.O.;
OFFICER CRIBB, C.O.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Action No. 07-cv-00077)
District Judge:   Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 20, 2010
_____

Before:   FISHER, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion Filed: December 7, 2010)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Carlo E. Cerome ("Cerome") appeals the dismissal of his complaint by the United States District Court for the Western District of Pennsylvania.[1] The District Court adopted the Magistrate Judge's Report and Recommendation ("R & R") and granted the defendants' motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6).

We disagree. For the following reasons, we will reverse the District Court's judgment and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

We write solely for the benefit of the parties, and therefore recount only the essential facts. In 2006 and 2007, Cerome was incarcerated at MVCC in Phillipsburg, Pennsylvania. MVCC is a privately owned and operated facility pursuant to a contract with the Federal Bureau of Prisons. In his pro se Complaint,[2] Cerome alleges that the Hispanic inmates targeted and threatened him and other Black prisoners because of their race.[3] Cerome also alleges that the MVCC guards allowed the Hispanic inmates to intimidate, attack and brutalize him and other black inmates. On one occasion, Cerome alleges that on February 6, 2007, at approximately 4:00 a.m., he awakened to find a

---

[1] The defendants include the Moshannon Valley Correctional Center/Cornell Companies, Inc. ("MVCC"), Warden Millward, Captain Jones, Officer Mann, Officer Cribb, and Officer Rohrbacker.

[2] The 9-page Complaint, dated December 18, 2007, is found at J.A. Vol. II 27-35. Accompanying the Complaint is Cerome's Brief in Support of the Complaint and an Affidavit from Cerome. Cerome also included a Motion for Service of Process.

[3] According to Cerome, the Hispanic inmates were of Mexican and Latin American heritage, and made up the majority of the prison population. (J.A. Vol. II 61-99.)

Hispanic gang leader in his cell, brought there by correctional officers. As a result of this encounter, Cerome claimed to have suffered a mild stroke.

On February 28, 2007, Cerome filed his first grievance at MVCC, an Inmate Informal Resolution Form, describing his alleged problems with racial violence, and requesting a transfer to protective custody.

On April 4, 2007, Cerome filed, in the District Court, a Motion for Leave to Proceed In Forma Pauperis. Included in that motion was a section labeled " the Complaint", (J.A. Vol. II 27-35), a pro se Brief in Support of his Complaint, and affidavits describing the factual allegations in further detail. The Complaint contained four counts.[4]

On April 17, 2007, Cerome filed his second grievance, an Inmate Request to Staff Member. He requested 2 or 3 minutes of a staff member's time to discuss his situation.

On December 18, 2007, Magistrate Judge Pesto ordered that Cerome's motion to proceed In Forma Pauperis be granted and that Cerome's pro se Complaint be filed in the District Court.[5]

On November 14, 2008, Defendants collectively moved to dismiss Cerome's Complaint, pursuant to FED. R. CIV. P. 12 (b)(6), stating that: (1) he failed to state a claim

---

[4] The Table of Contents in the Joint Appendix lists the Complaint as J.A. Vol. II 61-70; however, those pages are not identified by Cerome as the Complaint. For the purposes of our analysis, J.A. Vol. II 27-35 and 61-70 shall be considered Cerome's Complaint.
[5] Cerome alleged violations of the Eighth Amendment under 42 U.S.C. § 1983, violations of his right to privacy under 18 U.S.C. § 1801, and failure to provide

upon which relief could be granted; (2) he presented claims which were not actionable because they were based on prospective harm and emotional injury without any showing of a prior physical injury; and (3) he failed to exhaust his administrative remedies.

On December 11, 2008, Cerome filed opposition to the Motion to Dismiss, asserting that he had fully exhausted the administrative remedies available to him at MVCC and that he had not been required by MVCC authorities to choose alternative remedies.

The District Court referred disposition of the motion to dismiss to the Magistrate Judge.   On March 6, 2009, the Magistrate Judge filed an R & R, recommending that Defendants' Motion to Dismiss be granted for lack of exhaustion of administrative remedies.

On March 15, 2009, Cerome filed a Motion for an Extension of Time to File Objections to the R & R, stating that he received the R & R on March 10, 2010, and that "due to the quasi inaccessibility to the law library" where he was incarcerated, he "would not be able to comply with the deadline to file the objections." [6]

On March 27, 2009, the District Court denied Cerome's Motion for an Extension of Time to File Objections to the R & R.   In the same Memorandum Order, the District

protection, safekeeping and care during his incarceration under 18 U.S.C. § 4042.
[6] Pursuant to 28 U.S.C. § 636(b)(1), the parties had 10 days to file written objections to the R & R, due on March 16, 2009.

4

Court adopted the Magistrate Judge's R & R.   Also on March 27, 2009, Cerome filed his

Objections to the R & R.[7]

On April 13, 2009, Cerome filed a timely Notice of Appeal.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231.   We have jurisdiction

pursuant to 28 U.S.C. § 1291.   Under FED. R. CIV. P. 12(b)(6 ), we exercise plenary

review over a district court's grant of a motion to dismiss.   Grier v. Klem, 591 F.3d 672,

676 (3d Cir. 2010); Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007).   To

withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."   Ashcroft

v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be

taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences

must be drawn in favor of them."   McTernan v. City of York, 577 F.3d 521, 526 (3d Cir.

2009).

## III.    ANALYSIS

Failure to exhaust administrative remedies is an affirmative defense that

defendants bear the burden to plead and prove.   Jones v. Bock, 549 U.S. 199, 216 (2007);

Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).   The District Court erroneously

---

[7]  Cerome's Objections were filed out of time and were not considered in the R & R.

shifted to Cerome the burden of proving that he had exhausted the available administrative remedies.   We will reverse the District Court's dismissal of Cerome's Complaint for failure to exhaust administrative remedies, and remand this case to the District Court for further proceedings consistent with this opinion.

The Complaint here generally alleges violations of the Eighth Amendment under 42 U.S.C. § 1983, violations of his right to privacy under 18 U.S.C. § 1801, and failure to provide protection, safekeeping and care during his incarceration under 18 U.S.C. § 4042.  (J.A. Vol. II 27-35.)

Appellees contend that Cerome "voluntarily introduced the issue of exhaustion of administrative remedies in his Complaint, and then launched into a justification of why he was not required to exhaust the remedies."   (Appellees' Br. 7.)   Specifically, Appellees assert that Cerome made this reference on page 23 of the Joint Appendix.   However, page 23 of the Joint Appendix contains information taken from the Brief in Support of the Complaint, not from the Complaint itself.

Appellees' argument is based on a misapprehension of what Cerome argues is his Complaint.   Cerome's Complaint was accepted for filing on December 18, 2007.   As noted earlier, the Complaint appears at J.A. Vol. II 27-35.   The parties note in the Table of Contents that the Complaint appears at J.A. Vol. II 61-70.   This Court, for purposes of this analysis, need not resolve whether either is the correct iteration of the Complaint. Our jurisprudence requires that we construe the Complaint liberally; therefore, we shall

6

consider both iterations to be Cerome's Complaint.

This Court, having reviewed the Complaint, finds no mention of exhaustion of administrative remedies. Cerome's assertions are brief and straightforward. More importantly, neither he, nor inmate complainants generally, are required to specifically plead or demonstrate exhaustion of administrative remedies in their complaints. Bock, 549 U.S. at 216.

The Magistrate Judge focuses his R & R on the issue of exhaustion of administrative remedies, recommending that the District Court grant Appellees' motion to dismiss Cerome's Complaint, pursuant to FED. R. CIV. P. 12(b)(6).[8]

We disagree with the Magistrate Judge's recommendation for a number of reasons. First, the Complaint itself contains no reference to exhaustion of administrative remedies, nor does it need to. See Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that a prisoner plaintiff has no obligation to allege in his complaint that he has exhausted his administrative remedies.) The docket sheet, the timing of the filing, and the wording of the Complaint lend no support to the notion that Appellant concedes he has not exhausted his administrative remedies. Second, the analysis of the R & R focuses on submissions outside of the Complaint. Although a pro se plaintiff's pleadings are to be reviewed liberally, Haines v. Kerner, 404 U.S. 519 (1972), it would be anomalous for all

---

[8] In addition, the Magistrate Judge's R & R did not state whether dismissal was with or without prejudice. As such, the recommendation for dismissal is assumed to be with prejudice. FED. R. CIV. P. 41(a)(b); Shane et al. v. Fauver et al., 213 F.3d 113, 115 (3d

7

of Cerome's papers to be viewed as his Complaint, when he has clearly delineated otherwise.

Generally, a district court may not consider matters outside of the Complaint when ruling on a motion to dismiss. Under FED. R. CIV. P. 12(d), if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. However, "an exception to the general rule is that a document *integral to or explicitly relied upon* in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation and internal quotation marks omitted). The Magistrate Judge reviewed documents outside of the Complaint and, without notice to Cerome, essentially converted the motion to dismiss into a summary judgment motion.[9] Reviewing all of Cerome's papers as his Complaint is inconsistent with 12(b)(6) and Cerome's intent.

The burden of proving exhaustion of administrative remedies is on the Appellees. The Supreme Court has noted that the exact requirement of the grievance process varies from system to system, and prison officials are best able to describe the grievance process. Bock, 549 U.S. at 218. Appellees did not meet that burden, and did not

_____

Cir. 2000).

[9] Appellees admit that the Magistrate Judge looked outside the Complaint and relied on certain attachments in Cerome's Brief. (Appellees' Brief at 8.)

8

provide the court with information on the procedures Cerome did or did not follow in the grievance process of MVCC. Appellants' Brief did not clarify whether MVCC has a grievance policy, the terms of that policy or how Cerome has met or failed to meet the terms of that policy. (J.A. Vol. II 129-61.) Because Appellees bore the burden of proving lack of exhaustion of administrative remedies, the Magistrate Judge should never have reached the question of whether Cerome exhausted the administrative remedies.[10]

## IV. CONCLUSION

We find that the District Court erred when it placed the burden on Cerome to prove exhaustion of administrative remedies. This Court shall reverse the District Court's dismissal of Cerome's Complaint, and remand this case to the District Court for further proceedings consistent with this opinion.

---

[10] Appellees also suggest that this Court dismiss Cerome's Complaint on other grounds. While it is true that an appellate court has the power to affirm a lower court's decision, even if on different grounds, Erie Telecomms. v. Erie, 853 F.2d 1084, 1089, n.10 (3d Cir. 1988) ("An appellate court may affirm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision.") (internal citations omitted), it is within the Court's discretion not to do so. Since the Magistrate Judge's R & R did not address the substance of the pleading, we believe the District Court should likewise resolve, on remand, the issue of the appropriate parties to the action, going forward.